Gardiner, Ch. J.
 

 The only question presented in this case is whether the hop-poles, at the time of the sale to the defendant, were personal property, or to be deemed part of the realty. This question, I think, is settled by the facts stated in the answer, to which the plaintiff has demurred. If hop-poles can constitute a portion of the real estate, the defendant acquired no title to those purchased by him, conceding the truth of the answer. Assuming, as we must, the truth of the facts alleged by the defendant in his answer, the hop-poles were, at the time of the sale, a part of the realty. Of course, no title passed to the purchaser, and the note in question was wholly without consideration.
 

 The root of the hop is perennial, continuing for a series of years. That this root would pass to a purchaser of the real estate, there can be no question. The hop-pole is indispensable to the proper cultivation of this crop. It is distinctly averred, and admitted, that the poles belonged to the yard upon these premises, that they were used for the purposes of cultivation, and were removed from the place where they were set, in the usual course of agriculture, with a view to gather the crop, and without any design to sever them from the freehold; but, on the contrary, with the purpose of replacing them, as the exigency of the new growth required. In a word, they were to be permanently-used upon the land, and were necessary for its proper improvement. If the poles had been standing in the yard at the time of the sale, all admit, that they would have formed a part of the realty. But by being placed in heaps for a temporary purpose, they would not lose their distinctive character, as
 
 *117
 
 appurtenant to the land, any more than rails, or boards, from a fence in the same condition, would become personal property. Indeed, the case cannot be distinguished from
 
 Goodrich
 
 v.
 
 Jones,
 
 (2
 
 Hill,
 
 142,) where it was held that manure in heaps in the yard, and that fences, constitute a part of the freehold; and where the materials of which the fence is composed were temporarily detached, without any intent to divert them from their original use, it would work no change in their nature.
 

 The opinion, in the case cited, was pronounced by Justice Cowen, who was himself an advocate for the doctrine of corporeal annexation, as being in general, the true criterion of a fixture.
 
 (Walker
 
 v.
 
 Sherman,
 
 20
 
 Wend.
 
 655.) But all that was claimed by the learned justice, in his elaborate opinion in
 
 Walker
 
 v.
 
 Sherman,
 
 was that the chattel should be “habitually attached to the land, or some building upon it.” It need not, he adds, “be constantly fastened.” I think, according to this principle, that hop-poles which are put into the ground every season, and continue there until they are removed to gather the crop, and which are designed to be thus used, in the same yard, for the same purpose, until they decay by lapse of time, may without impropriety be considered as “ habitually attached to the land,” although “ not constantly fastened to it.”
 

 The judgment of the supreme court should be affirmed.
 

 Edwards, Allen, Parker and Selden, Js. concurred.