[No. 7,489.—Department One.]

## F. W. FRATT *v.* W. F. WHITTIER ET AL.

FIXTURES — DEFINITION — CONSTRUCTION OF DEED — HOTEL.—The plaintiff contracted to sell the lot, on which was situated the "Orleans Hotel," in Sacramento, "and the appurtenances and improvements thereunto belonging"—the contract providing that the plaintiff might "remove from the upper floors of said property his furniture, pictures, and carpets, but that none of the permanent fixtures or appurtenances to said property shall be removed;" and afterwards the plaintiff, by deed, conveyed the lot to defendant, "and the appurtenances and improvements thereunto belonging"—the deed reciting that it was made in pursuance of the agreement, and "subject to the terms, conditions, and reservations in said agreement contained and expressed." At the time of the agreement and conveyance, there was attached to the building certain gas fixtures, consisting of chandeliers, globes, brackets, burners, pendants, etc., the kitchen range with the boiler attached, a patent water-filter, tanks, and mosquito-screens. *Held,* that these passed by the deed.

ID.—ID.—ID.—As between vendor and vendee, the rule for determining what is a fixture is always construed strongly against the seller; and whatever is essential for the purposes for which the building is used, will be considered as a fixture, although the connection between them may be such that it may be severed without physical or lasting injury to either. In fact, whatever the vendor has annexed to a building for the more convenient use and improvement of the premises, passes by his deed.

ID.—ID.—ID.—Parties themselves may by express agreement fix upon chattels annexed to realty, whatever character they may have agreed upon;

and *held*, that the reservation in the deed in this case fixed upon all the chattels which the plaintiff had annexed to the hotel, and which were necessary to his use and enjoyment, the character of appurtenances and improvements to the hotel.

APPEAL from a judgment for the defendants and an order denying a new trial in the Superior Court, Sacramento County. DENSON, J.

*T. B. McFarland* and *Henry Edgerton*, for Appellant.

It seems entirely clear that gas fixtures are personal property, and *not* part of the realty. The leading cases on the subject are: *Vaughen* v. *Haldeman*, 33 Pa. St. 522, and *Rogers* v. *Crow*, 40 Mo. 91. These cases are approved by numerous later authorities, and their doctrine is incorporated into the text of Ewell on Fixtures and Tyler on Fixtures. (Ewell on Fixt. 299; Tyler on Fixtures; *Jarechi* v. *Philharmonic Society*, 79 id. 403; *Shaw* v. *Leuche*, 1 Daly, 487.)

*Freeman & Bates*, for Respondent.

The terms improvements and appurtenances are both more comprehensive than the term fixtures, and clearly embrace all the property. (*Pickerell* v. *Carson*, 8 Iowa, 544; *French* v. *The Mayor*, 16 How. P. 220; 29 Barb. 363; *Hasty* v. *Wheeler*, 12 Me. 434; *Merrett* v. *Judd*, 14 Cal. 59.)

McKEE, J.:

This is an action to recover certain gas fixtures, consisting of chandeliers, globes, brackets, burners, pendants, etc., a kitchen range with boiler attached, a patent water-filter, tanks, and mosquito-screens. The property was attached to a building known as the "Orleans Hotel," situate on a lot of land fronting on Second Street, in the city of Sacramento.

As owner of the hotel, the plaintiff, on October 15, 1879, contracted in writing to sell the same to the defendant, by the following description, viz.:

"Lot Number 6 in the square between J and K and Front and Second streets, in the city of Sacramento, and the appurtenances and improvements thereunto belonging." The sale was made for twenty-eight thousand dollars, gold coin, payable after an examination and approval of the title, upon re-

ceiving from the plaintiff possession of the property and of a
deed of grant of the same, on or before the 1st day of No-
vember, 1879, reserving to the plaintiff, among other things,
the right within ten days after delivery of possession, to re-
move from the upper rooms of the hotel his "furniture, car-
pets, and pictures, but none of the permanent fixtures or
appurtenances to said property shall be removed." On the
25th of October, the defendants, having satisfied themselves
about the plaintiff's title, paid the full amount of the purchase
money and received from the plaintiff possession and a deed
of grant of the property. The deed described the property
the same way that it had been described in the contract of
sale, and it also contained the recital that the deed had been
made in pursuance of the contract of sale and subject to the
terms, conditions, and reservations therein contained.

Within ten days after the delivery of possession plaintiff
demanded of the defendants the privilege of removing the
articles in controversy from the hotel, which being refused,
this action was instituted, and the question arises whether the
articles are personalty, or fixtures which passed as appurte-
nances of the realty by the deed of grant.

If the question arose out of the deed alone, it might not
be difficult of solution, for the weight of authority seems to
be in favor of the proposition that they are to be regarded
as movable property, capable of being severed from the build-
ing; yet the authorities upon the subject are conflicting. In
*McKeage* v. *Hanover Fire Insurance Company*, 81 N. Y. 38,
the Supreme Court of New York held that gas-pipes which
run through the walls and under the floors of a house are
permanent parts of the building; but fixtures attached to
such pipes, where they are simply screwed on projections of
the pipes from the walls, which can be detached by unscrew-
ing them, are not appurtenances, and so do not pass by deed
or under a mortgage of the premises, and the mere declara-
tion of the owner that he intends that such articles shall go
with the house does not make them realty.

In *Guthrie* v. *Jones*, 108 Mass. 193, it was held that, as
between landlord and tenant, gas fixtures, though fastened to
the walls, were not annexed to the realty so as to become part
of it. They are, says the Court, in their nature, articles of

furniture, and the fact that they were fastened to the walls for safety or convenience, does not deprive them of their character as personal chattels and make them a part of the realty.

In *Vaughen* v. *Haldeman,* 33 Pa. St. 523, the Court says : "Lamps, chandeliers, candlesticks, candelabra, screens, and the various contrivances for lighting houses by means of candles, oil, or other fluids, have never been considered as fixtures and as forming a part of the freehold. There is no trace of a contrary doctrine in the English decisions, nor does it appear that the ordinary apparatus for lighting has ever been classed among fixtures." In *Jarechi* v. *Philharmonic Society,* 79 Pa. St. 403, S. C., 21 American Reports, 78, the case of *Vaughen* v. *Haldeman* was reviewed and approved. Says Sharswood, J.: "Houses are considered as finished by the builders when the gas fittings are completed. The fixtures are put up in more or less expensive style, according to the tastes and means of the persons who mean to occupy them, whether as tenants or owners. If the tenant puts them in, it is not denied that, as between him and the landlord, they are his, and he may remove them, or they may be sold as personal property, on an execution by the Sheriff. No doubt the owner, if they belong to him, often sells them with the house. They add more to the value of the house than they would be worth if removed. But if there is no agreement to sell the house as it is—fixtures and all—the purchaser is not entitled to them. We see, then, no reason for departing from the judgment in *Vaughen* v. *Haldeman.*" To the same effect are *Shaw* v. *Leuche,* 1 Daly, 487 ; *Montague* v. *Dent,* 10 Rich. 138; *Rogers* v. *Crow,* 40 Mo. 91 ; *Lawrence* v. *Kemp,* 1 Duer, 363 ; *Towne* v. *Fiske,* 127 Mass. 125.

On the other hand, it has been held by the Supreme Court of Kentucky, in the case of *Johnson* v. *Wiseman,* 4 Metc. (Ky.) 357, that where a vendee of a house, in possession, purchased and put into it gas fixtures, chandeliers, etc., which were affixed by means of screws, to iron pipes let into the walls of the house for the purpose of conducting gas to the burners, such chandeliers, etc., became fixtures which passed by a deed of the realty, in the absence of any express provision to the contrary, although they may be removable without injury

to the walls or the ceiling of the house, or to the pipes to
which they are attached.  The same doctrine was enunciated
in *Smith* v. *Commonwealth,* 14 Bush, 31, as one about which
there was no question.  Whatever, indeed, is accessory to a
building, for the more convenient use and improvement of
the building, is considered to pass by a deed of the premises.
Thus, articles placed in a mill by the owner, to carry out the
obvious purpose for which it was erected, are generally part
of the realty, notwithstanding the fact that they could be
removed and used elsewhere.  (*Parsons* v. *Copeland,* 38
Maine, 537.)  In a building erected as a factory, the steam
works relied on to furnish the motive power, and the works
to be driven by it, are essential parts of the factory, adapted
to be used with it, and would pass by a conveyance of the
real estate.  (*Winslow* v. *Merchants' Ins. Co.,* 4 Metc. 306.)
Apparatus for the manufacture of gas are fixtures.  (*Hays*
v. *Doane,* 3 Stock. 84.)  Gas-burners are of the same char-
acter.  They are in no sense furniture, but are mere acces-
sories to the building.  (*Keeler* v. *Keeler,* 31 N. J. Eq. 191.)

What is accessory to real estate, is, according to the rule of
the common law, part of it, and passes with it by alienation.
That rule has been in the growth of the law, greatly modified
as between landlord and tenant, for the encouragement of
trade, manufacture, agriculture, and domestic convenience; and
Courts recognize and enforce the right of removal by a ten-
ant, of chattels annexed to the freehold for such purposes.
But the rule which is applicable to persons in that relation
does not apply as between heir and executor, vendor and ven-
dee.  As between the latter the rule of the common law is
still applicable, except so far as it may be modified by statu-
tory regulations upon the subject.  So that chattels attached
to the freehold by the owner, and contributing to its value
and enjoyment, pass by the grant of the freehold, if the
grantor had power to convey.  (*Tourtellot* v. *Phelps,* 4 Gray,
378.)  And after conveyance they can not be severed by the
vendor or any one else than the owner.

As between vendor and vendee, therefore, the rule for de-
termining what is a fixture is always construed strongly
against the seller.  Many things pass by a deed of a house,
being put there by the owner and seller, which a tenant who

had put them there might have removed, and they will be regarded as fixtures, which pass to the vendee, although annexed and used for purposes of trade, manufacture, or for ornament or domestic use.   Thus, potash-kettles appertaining to a building for manufacturing ashes (*Miller* v. *Plumb*, 6 Cowen, 665; S. C., 16 Am. Dec. 456); a cotton-gin fixed in its place (*Bratton* v. *Clausen*, 2 Strob. 478); a steam-engine to drive a bark-mill (*Oves* v. *Oglesby*, 7 Watts, 106); kettles set in brick in dyeing and print works (*Dispatch Line* v. *Bellaney Man. Co.*, 12 N. H. 207); iron stoves fixed to the brickwork of chimneys (*Goddard* v. *Chase*, 7 Mass. 432); wainscotwork, fixed and dormant tables, engines and boilers used in a flour-mill and attached to it (*Sands* v. *Pfeiffer*, 10 Cal. 259); a steam-engine and boiler fastened to a frame of timber and bedded in a quartz ledge and used for the purpose of working the ledge (*Merritt* v. *Judd*, 14 Cal. 59); a conduit or water-pipe to conduct water to a house (*Philbrick* v. *Ewing*, 97 Mass. 134); hop-poles in use on a hop farm (*Bishop* v. *Bishop*, 11 N. Y. 123); statues erected for ornament, though only kept in place by their own weight (*Snedeker* v. *Warring*, 12 N. Y. 170).   In fact, whatever the vendor has annexed to a building for the more convenient use and improvement of the premises passes by his deed.   The true rule deduced from all the authorities, says the Supreme Court of Virginia, seems to be this, that when the machinery is permanent in its character and essential to the purpose for which the building is occupied, it must be regarded as realty, and passes with the building; and that whatever is essential for the purposes for which the building is used, will be considered as a fixture, although the connection between them may be such that it may be severed without physical or lasting injury to either.   (*Green* v. *Phillips*, 26 Gratt. 752; *Shelton* v. *Ficklin*, 32 Id. 735.)

Judged by these rules, it would seem as if there was no room for doubt as to the character of the articles in controversy.   Taking into consideration their nature, the circumstances under which they were placed in the building, the mode of their connection with it, and the relation which they bear to its use and enjoyment, they must be regarded as essential for the purposes for which the building was used. The plaintiff himself, by his testimony, shows that the globes

were lettered " Orleans Hotel," and that they, with the chandeliers, etc., were necessary for furnishing light to the building; that the range rested on a foundation of brick, and that it and its attachments were annexed to the building by pipes, which connected them with the tanks and filters on the roof of the building, and by a waste-pipe which ran through the wall of the building and connected with a sewer in an alley outside, and that the range and its attachments were necessary for cooking; that the tanks and filters were attached to the building by a system of pipes which connected them with the main, or pipes of the City Water Company, and with various parts of the hotel, and were necessary to supply the hotel with clear water; that the mosquito-transoms and window-screens were fitted to the windows and transoms of the hotel—each window and transom-frame being fitted to its particular window, and shoved up and down in it on grooves, and all of them were as necessary to the hotel as its windows, its blinds and shutters. All of the articles were, therefore, essential to the use and enjoyment of the hotel; in fact, as the plaintiff testified, " it would not have been a hotel without them." They were, therefore, fixtures which passed by the deed of grant to the defendants, unless they were specially reserved by the deed. But the deed reserved none of the articles. It was made, according to its recitals, in pursuance of the agreement of the 15th of October, and subject to the terms, conditions, and reservations therein contained and expressed.

As already stated, the agreement reserved only the furniture, pictures, and carpets of the upper rooms of the building, and none of the " permanent fixtures or appurtenances to the property." In the absence from the deed of any special reservation of the articles, it must be presumed that the parties, by their agreement, considered them as permanent fixtures and appurtenances of the hotel, which were to pass by the deed; it is a well-settled rule of law that parties themselves may, by express agreement, fix upon chattels annexed to realty whatever character they may have agreed upon. Property which the law regards as fixtures may be by them considered as personalty, and that which is considered in law as personalty they may regard as a fixture. What-

ever may be their agreement, Courts will enforce it. (*Smith* v. *Waggoner*, 50 Wisc. 155; *Hunt* v. *Bay State Iron Co.*, 97 Mass. 279; *Ford* v. *Cobb*, 20 N. Y. 344; *Tifft* v. *Horton*, 53 id. 377; *Ford* v. *Williams*, 24 N. Y. 359; *Smith* v. *Benson*, 1 Hill, 176; *Menagh* v. *Whitwell*, 52 N. Y. 146.)

So that the plaintiff, when he contracted to sell the hotel property with its appurtenances and improvements, reserving from the sale only the carpets, furniture, and pictures of the upper rooms of the building, fixed upon all the chattels which he had annexed to the hotel, and which were necessary to its use and enjoyment, the character of appurtenances and improvements of the hotel. None of them by any possibility of construction could fall within the reservation of " furniture, carpets, or fixtures in the upper rooms of the hotel."

The plaintiff, therefore, sold the articles in question as fixtures with the hotel, and as such they passed by his subsequent deed of the premises to the defendants.

Judgment and order affirmed.

Ross, J., and McKINSTRY, J., concurred in the judgment.