LANDRETH MACHINERY COMPANY, Respondent, v. THOMAS J. RONEY, Administrator, Appellant.

Springfield Court of Appeals, December 12, 1915.

1. MECHANICS' LIENS: Statement: Use of Trade Expressions and Names. Action to enforce mechanic's lien for certain supplies for mining mill. The statement listed the articles for which the lien was claimed under their trade names, stating that they were used in the mill upon which the lien was claimed. Statement *held* sufficient.

2. EVIDENCE: Trade Abbreviations: Parol Explanation. Trade abbreviations may be explained by parol evidence.

3. MECHANICS' LIENS: Articles Not Included in: Contract. In an action to enforce a mechanic's lien plaintiff is not entitled to include in such lien items of express charges or car fare, where it is not shown that such items became part of other items that entered into the mining plant or that defendants, purchasers, agreed to pay such expenses.

Machinery Co. v. Roney.

4. ———: **Statement: Items Included Improperly: Effect on Statement.** A mechanic's lien statement which included items of express charges and car fare which were not so connected with the other items as to entitle the claimant to a lien therefor, is not void because it includes such items. The claimant might become entitled to a lien therefor by proper connecting proof.

5. ———: ———: ———: **Effect.** Statement in a mechanic's lien examined and certain items therein considered not proper and are eliminated. The statement, however, is not, thereby, rendered void.

6. **MINES AND MINING: Lease: Buildings Erected Under: Personal Property When.** A mining lease gave lessees the right to erect and maintain all necessary buildings, machinery, etc., on the land and to remove same at or before the termination of the lease. A mining plant or mill erected thereunder is personal property.

7. **MECHANICS' LIENS: Personal Property: Conditional Sale: Recording.** A mining mill was sold under a contract to a lessee of certain mining land, the mill to be moved to and erected on such land. Under the contract title was to remain in the seller until certain payments were made and under the terms of the lease the mill was personal property. Such sale was a conditional sale of personal property and unless recorded as required by Sec. 2889, R. S. 1909, is not valid against a mechanic's lien.

8. **APPELLATE PRACTICE: Abstract Filed: Questions Not Included in.** Where the abstract of record does not show that a bill of sale was offered in evidence, the appellate court will not consider same.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED (*Conditionally*).

*Howard Gray* and *M. R. Lively* for appellants.

(1) Over the objection of the appellants the court admitted in evidence the so-called lien account. It contained lienable and nonlienable items and also contained items that were so indefinite without explanation that it was impossible to tell whether they were

lienable or nonlienable.   Dwyer et al. v. Flannagan, 87 Mo. App. 340; Edgar v. Saulisbury, 17 Mo. 271; O'Brien etc. v. Haydock, 59 Mo. App. 653; Oshea v. Oshea, 91 Mo. App. 221.   (2) The court rendered judgment for the items of car fare and express and refused an instruction offered by appellant relative thereto.   This was error.   Van Horn Trading Co. v. Day, 141 S. W. 1129.   (3) The contract by which Cornell obtained possession of the mill was not a sale or a lease or any transaction regarding personal property as those terms are used in section 2889 of our Revised Statutes.   Gilbert Book Co. v. Sheridan, 114 Mo. App. 332.   (4) The undisputed evidence shows that John Dermott died about the 7th of July, 1912 (see abstract of record, page 54), and the first item in this account was August 1, 1912.   If Cornell was the agent of John Dermott (and it cannot be claimed that he was anything more), then all his right as agent ceased when Dermott died, and respondent had no right to furnish him material to be used on the principal's property and charge the principal with it.   Gauss v. Hussman, 22 Mo. App. 115; Wash v. Wash, 189 Mo. 352; Crane v. Navigation Co., 133 P. 810.

*H. S. Miller* for respondent.

(1) There was no commingling of lienable and nonlienable items in the account.   Each item is lienable and if not lienable (which we deny) the same can be easily separated from the lienable items.   If a lien claimant honestly thinks that certain items are lienable but the court should determine that they are not lienable, that would not affect the lien claims as to the lienable items, if the nonlienable items are separately stated and could be separated.   Lumber Co. v. Pattinger, 165 Mo. App. 442; Kittrell v. Hopkins, 114 Mo. App. 431; Lumber Co. v. Roeder, 81 Mo. App. 337; Johnson v. Barnes, 23 Mo. App. 546; Price v. Merritt,

55 Mo. App. 640; Uhrich v. Osborn, 106 Mo. App. 492; Ittner v. Hughes, 133 Mo. 679. (2) As to sufficiency of statement of items in abbreviated form, we cite: Lumber Co. v. Capron, 145 Mo. App. 497; Schulenberg v. Werner, 6 Mo. App. 292; Lumber Co. v. Watson, 158 Mo. App. 179; Henry et al. v. Plitt et al., 84 Mo. 237. (3) The only thing before this court, practically, is the construction to be placed on the Rermott-Cornell contract. All other points involved have been determined by the trial court and there being substantial testimony to support such findings and this being an action at law, this court is bound thereby. Possession of property is prima-facie evidence of ownership. McIntosh v. Smiley, 32 Mo. App. 125; Strauss v. Rotham, 41 Mo. App. 602-608. (4) As the principal, if alive, could not revoke the authority, so the death of the principal does not terminate the authority of the agent when he has a power coupled with an interest. 31 Cyc., p. 1316, sec. C; Shepard v. McVail, 122 Mo. App. 418; Lockhart v. Forsythe, 49 Mo. App. 654; Morgan v. Gibson, 42 Mo. App. 234.

ROBERTSON, P. J.—Plaintiff brought this action against H. D. Cornell, H. M. Cornell and Thomas J. Roney as administrator of the estate of John Dermott, deceased, to enforce a mechanics' lien on account of certain machinery and supplies alleged to have been sold by plaintiff to the Cornells to be and which were used in and became a part of a certain mining plant, or mill, in Jasper county.

The parties waived a jury and upon a trial judgment was entered against the Cornells for the amount of plaintiff's claim, $456.81, with interest, and establishing a lien upon the mining plant and the leasehold interest of the Cornells in the premises upon which the plant was located. The defendant administrator, to protect his claim to the mill, has appealed.

H. D. Cornell owned a mining lease on the premises where the mill was located when the purchases were made from plaintiff, and, while the owner, thereof, on July 10, 1911 entered into a written agreement with John Dermott, as follows:

"This agreement made and entered into by and between John Dermott, party of first part, of Webb City, Mo., and H. M. Cornell, Agent, of Carthage, Mo., for H. D. Cornell of second party, Witnesseth: The said party of the first part (Dermott) agrees to furnish said Cornell of second part, one complete mining mill plant bought from M. R. Lively, agent, agrees to give him (Cornell) permission to move said plant and mining machinery onto a mining lease now owned by said second party on ten acres of land now known as the Sampson Lease, near Knight's Station in Jasper County, Mo. It is further agreed and understood that said plant and mining machinery and houses shall remain the property of said first party until the amount, $5000, paid for said mining plant, together with all money advanced by said first party for moving said plant and developing said lease by said Dermott to H. M. Cornell, agent for second party, from the first money received from the profits of said mine, then each one of first and second parties becomes equal owners (but not partners in said mining) in plant and leases. It is further agreed that no partnership exists now, or hereafter between first and second parties mentioned and until the full amount has been paid as above stated and receipts have been passed between said first and second parties showing the amounts received and paid in full." This contract was not filed or recorded in the office of the Recorder of Deeds. The plant was moved and re-erection completed in the first part of December, 1911, and the Cornells remained in the possession thereof until after this account accrued. The items here involved were sold and deliv-

ered in August and September of 1912 and the lien statement was filed and this action commenced December 21st following.

The lien statement alleges that the account sets forth the work and labor done and material furnished to be used in and which were used for the repairing, remodelling and construction of the plant and then follows an itemized statement of which the following quoted therefrom is sufficient to illustrate:

```
"Aug. 1, 1912   6 2 in.  Jig Faucets              $ 6.00
                2 1 1-2 in.    do                   1.50
                2 1 in.  C. Stop Cocks              1.20
                1 Box 14-16 in Crecent Rivets        .85
                Express Prepaid                      .45
        3,      15 in Iron Body Globe Valve
                    with yoke                      10.80
                Carfare                              .25"
```

The account has included in it items, separately stated for carfare amounting to $3.20 and for express $5.55.

When the lien statement was offered in evidence appellant objected thereto on account of the items for carfare and express and because it was said to be so indefinite and uncertain as to be insufficient as a lien statement "in that it does not show the nature of the items and contains a long list of nonlienable mingled with the other items thereof," not designating what was claimed to be the nonlienable items. The objection was overruled and appellant excepted. The description of the items in the statement taken in connection with the allegations therein that they were used in the mill was sufficient. [Lumber Co. v. Capron, 145 Mo. App. 497, 501, 122 S. W. 1085, and Lumber Co. v. Watson, 158 Mo. App. 179, 184, 138 S. W. 690.] In the latter case it is held that trade abbreviations may be explained by parol. The account is fully itemized

and sufficiently clear to meet the requirements of the statute.

The appellant requested and was refused a declaration of law "that the plaintiff is not entitled to recover in this case for any of the items of carefare or express charges." This instruction should have been given for the reason that these items, standing alone and of themselves, do not disclose that they became a part of other items that entered into the mining plant by becoming a part of the sale price thereof. [Price v. Merritt, 55 Mo. App. 640, 645.] The court, therefore, should have given this declaration of law as there was no testimony offered tending to prove that the Cornells agreed to pay the express charges on any of these items or that they agreed to pay the carfare for their delivery, if such is the fact.

The appellant urges here that the lien statement is void for the reason that there is included in it this small amount for which no lien should have been allowed. We must overrule this contention, because the items are not commingled with the items for which a lien may be given. They are items that may become a lien if the proof properly connects them with and makes them a part of such items. Under these circumstances their bare presence in the statement do not destroy it. [Johnson v. Barnes, 23 Mo. App. 546, 549; Price v. Merritt, 55 Mo. App. 640, 643; Uhrich v. Osborn, 106 Mo. App. 492, 494, 81 S. W. 228; Ittner v. Hughes, 133 Mo. 679, 34 S. W. 1110.]

Appellant here for the first time, calls attention to items of wrench, tape and asbestos wicking, amounting in the aggregate to $1.65, in the lien statement and also to two items of levers. The first item mentioned should not have been allowed, but on the authorities above cited they do not affect the lien statement. As to the levers, parts of machinery being sometimes so designated, there being no specific objection in the

trial court to these items, we cannot, in the face of the trial court's finding, say they did not enter into and became a part of the mill or machinery. It appears that at the trial of the case there was no serious contention made by defendant against any of the items, except the carfare and express. Evidently these other items have been noticed since, but as it is clear that some of them are not proper items they should be eliminated.

The respondent submits here that the contract between the Cornells and Mr. Dermott, not having been filed or recorded in the office of the Recorder of Deeds, is void, as to it, under section 2889, Revised Statutes 1909. Appellant asserts that the mill is not personal property. The provisions of the lease concerning the machinery placed thereon is as follows:

"The party of the second part shall have the right to erect and maintain all necessary buildings, scales and machinery on said land for the purpose of mining, dressing, crushing, cleaning rendering and weighing and preparing for market all ores and minerals and other valuable substances and for no other purpose whatsoever, with the right and privilege of removing all such machinery, buildings, structures, appurtenances and scales at the expiration of this lease or at such time as second party may determine to abandon the mining of said land herein described."

The mill, under this lease, was personal property. [Richardson v. Koch, 81 Mo. 264; Springfield Foundry and Machine Co. v. Cole, 130 Mo. 1, 31 S. W. 922; Progress Press Bick and Machine Co. v. Gratiot Brick and Quarry Co., 151 Mo. 517, 52 S. W. 401; Milles v. Scottish Union and National Insurance Co., 95 Mo. App. 211, 218, 68 S. W. 1066.]

The contract by which the Cornells held this property not having been filed or recorded was, by virtue of said section 2889, void as to plaintiff, even though

185MoApp31

it may have had actual notice thereof. [Collins v. Wilhoit, 108 Mo. 451, 459, 18 S. W. 839; Oyler v. Renfrow, 86 Mo. App. 321, 325.] The appellant cites us to the case of Gilbert Book Co. v. Shendan, 114 Mo. App. 332, 89 S. W. 555, to sustain the proposition that the contract between Cornells and Mr. Dermott does not come within the terms of that section, but the cases are not similar. In the Gilbert Book Co. case the decision (p. 342) was based on the theory that the transaction there involved was in the category of ordinary everyday loans of property. In the case at bar the Cornells were given the absolute and unconditional possession of the mill to move upon a lease owned by them, there to be possessed and occupied as theirs in operating a mine on their own leased premises; thus putting it within the power of these parties to create a false impression as to their financial worth and making it possible to defeat the claim which plaintiff had a right to believe it had to a lien for material furnished to go into the mill, if we hold the transaction not covered by the statute. We think to hold otherwise would be to wholly disregard the spirit and purpose of the statute. We, therefore, hold that at the time plaintiff sold and delivered the items contained in the statement the Cornells, as to plaintiff, had the sole and unconditional ownership in the mill. There is no complaint made here on the extent of the interest in the mill covered by the judgment, neither was there any such point made in the trial court.

Appellant makes reference to a bill of sale of the items involved here, which it is said plaintiff took from the Cornells, but as it was not offered in evidence, so far as the Abstract of Record shows, we cannot consider it.

The judgment will be affirmed if the respondent within ten days after this opinion is filed remits the amounts charged in the lien statement as carfare, ex-

press, wrench, tape, etc., amounting to $10.40; other-
wise the judgment will be reversed and the cause re-
manded.

*Sturgis* and *Farrington, JJ.,* concur.