[Civ. No. 5974. First Appellate District, Division Two.—December 12, 1927.]

NICOLAS MURR et al., Respondents, v. SIMON COHN, Appellant.

Chas. F. Blackstock for Appellant.

Durley & Downes for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant to quiet title to certain personal property. The defendant answered and a trial was had in the trial court before the court sitting without a jury. The trial court made findings in favor of the plaintiffs and the defendant has appealed.

The defendant owned lots 18 and 19 in Block "K" of the city of Oxnard. He leased the lots to the plaintiffs for a period of five years. At that time the lots were wholly vacant. When the plaintiffs entered into possession they placed on the property "one field portable gasoline station, one gasoline air pump, and one gas tank." The station was put in place by laying pieces of 2x4, making a rectangular frame and resting it on the surface of the ground. Thereafter concrete was poured into that frame, covering the space of ground inclosed with concrete four inches deep. The station was set on top, the outside walls of steel rested on the 2x4 and were nailed thereto. The pump was placed on a concrete pier, which was also constructed on top of the surface of the ground. The tank was sunk into the ground about seven feet deep. After the plaintiffs had been in possession they negotiated a sale of the three items mentioned to T. E. Davis. Later the defendant asserted that the several items had become a part of the realty and he had become the owner thereof.

On this appeal the defendant makes six several attacks on the findings, claiming that they are not sustained by the evidence. The first two attacks are addressed to two findings that are entirely without the issues made by the

pleadings. The third and fifth attacks are addressed to the findings in response to the allegations of the complaint which are to the effect that the plaintiff is the owner of the property and the defendant asserts a claim that is without right. The fourth and sixth attacks are addressed to the allegations of the defendant's answer, in which he pleaded affirmatively title in himself. As the answer contained denials, it was unnecessary for the defendant to put in the affirmative allegations and findings thereon are immaterial. If the third and fourth attacks are not well founded the judgment should be affirmed. As the rights and liabilities of both parties rest on the relation of landlord and tenant, it is equally clear that if the plaintiffs were the owners then the defendant was not the owner and therefore it becomes necessary to consider only the third attack, which is the contention that the fifth finding is not sustained by the evidence. That finding is the one which finds that the plaintiffs were the owners of the property.

The plaintiffs and the defendant entered into a written lease; that lease was wholly silent as to the fact that the plaintiffs intended to use the property for a filling station or that they intended to place any structure thereon, and if they did so, what would be the rights and liabilities of the parties. It is suggested by the defendant that one paragraph is pertinent to this dispute. That paragraph is as follows: "And the lessees expressly agree that at the expiration of the term of this lease, or sooner termination thereof, they will quit and surrender the said premises, leaving the same in as good condition as they now are, reasonable wear and tear thereof and damage by the elements excepted." The plaintiffs adopt the same contention and say that they intended to do just exactly what is stated in the paragraph quoted. The plaintiffs had the clear right to remove the station and the pump. That right is statutory. (Civ. Code, sec. 1019; *Gosliner* v. *Briones*, 187 Cal. 557 [204 Pac. 19].) As to the tank, the case is not quite so clear. Nevertheless, it is free of doubt. The plaintiffs had the right to remove it. It never became a part of the defendant's realty (*Hendy* v. *Dinkerhoff*, 57 Cal. 3 [40 Am. Rep. 107]; *Jahnke* v. *Jahnke*, 81 Cal. App. 387 [253 Pac. 752], when it is considered that before the exe-

cution of the lease the lots were vacant, that at the time the lease was executed the defendant was informed to what use the plaintiffs intended to put the property, and that upon the tank being removed, the soil can be dumped back into the hole in such a manner and to such an extent that there will be no injury whatever to the vacant lot.

It is conceded by both parties that in determining the question involved by this appeal that a controlling criterion is the intent of the parties. No part of the record is cited which shows or tends to show that after the termination of the lease the tank was to become an "integral part of the premises."

No fraud or mistake was alleged and no reformation was asked, but on the trial of the case the attorney for the defendant took the stand and testified that when the terms of the lease were under discussion it was stipulated between the parties that the plaintiffs would place and leave on the premises certain improvements, the cost of which would be a part of the consideration. Later that testimony was stricken out. The defendant assigns that ruling as error and contends that, under the provisions of subdivision 2 of section 1962 of the Code of Civil Procedure, he was entitled to show the true consideration. The plaintiffs reply that to allow, under that claim, such proof as was offered, would be in effect to allow the defendant to prove covenants which are not even mentioned in the lease. In support of their position, the plaintiffs cite *Harding* v. *Robinson,* 175 Cal. 534, 542 [166 Pac. 808]. The citation is clearly in point.

Still addressing ourselves to the subject matter of the last point, the testimony given and stricken out will now be considered from another point of view. The substance of the testimony stricken out was as follows: "In the month of April, 1923, Mr. Cohn asked me to prepare a lease for the plaintiffs. Mr. Cohn and Mr. Nicholas Murr came to my office and were there for a considerable length of time discussing the general terms of the lease. Mr. Cohn did not want to make a five year lease, objecting that the term was too long. He wanted to charge more than $75 a month—something over $100. Mr. Nicholas Murr contended that Mr. Cohn ought to lease him the property for five years at $75 a month because if the plaintiffs put

up the oil station at the expiration of the lease they would not have any use for it and that they would leave it there." Taking this testimony most strongly against the plaintiffs, there is not an intimation that the defendant would have the slightest title until the end of the term. Again, weighing the testimony in the same light, it would result that the minds of the parties never met and therefore that the defendant obtained no title. This is so because there was not a word spoken regarding the nature of the fixtures to be installed, the material that they would be made out of, the size thereof, or the cost thereof. The terms of the agreement are so indefinite and uncertain that it is impossible to ascertain what promise was being made and what promise was being accepted.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.