[Sac. No. 4510. In Bank.—April 3, 1933.]

R. BARCROFT & SONS COMPANY (a Corporation), Respondent, v. NEIL J. CULLEN et al., Defendants; PACIFIC STEEL BUILDING COMPANY (a Corporation), Appellant.

Sherman & Sherman for Appellant.

A. A. Henderson, Barcroft & Barcroft, Julian H. Biddle and Duncan A. McLeod for Respondent.

THE COURT.—Defendant Pacific Steel Building Company appeals from a judgment foreclosing plaintiff's mechanic's lien. The trial court imposed the lien on certain buildings located on the property, as well as on the real estate. The sole contention on this appeal is that the buildings are personal property belonging to appellant, and, as such, are not subject to the lien of the plaintiff. The facts giving rise to this controversy are not materially in dispute, and are as follows:

Sometime in April, 1928, the owners of certain real property, the defendants Thorington, leased the same to the defendant Cullen for a period of five years, which lease was recorded. By the terms of this lease, Cullen was permitted to tear down a brick gasoline service station then located on the premises and to erect thereon a new service station. The lease expressly provided that upon its termination Cullen "shall leave upon said leased premises the buildings constructed in the place of the building now being demolished from said premises". Acting pursuant to the power thus granted, Cullen caused the old brick service station to be torn down and caused to be erected in place thereof the buildings which are the subject of the present controversy. On April 18th, Cullen entered into a conditional sales contract with appellant to purchase a steel service station with canopy, the over-all dimensions of

which were 40 feet by 12 feet. On April 23, 1928, Cullen entered into a similar contract with appellant for the purchase of a steel comfort station, 8 feet 6 inches by 10 feet, divided into two separate rooms. These conditional sales contracts expressly provided that as between Cullen and appellant "the buyer (Cullen) agrees that no matter in what manner said property shall be attached to real estate, it shall not become a fixture or part of real estate, and upon default . . . the seller (Pacific Steel Building Company) or its agent may take possession of and remove said property without legal process". It was further provided that title to the buildings was to remain in the seller until they were fully paid for.

On or about May 3, 1928, Cullen entered into a contract with plaintiff whereby plaintiff agreed to furnish and install certain labor and materials necessary for the plumbing and wiring of the gasoline and comfort stations. Pursuant to this contract, plaintiff installed the piping and conduits and all fixtures necessary to complete its contract. The Thoringtons, owners of the real property, did not file any notice of nonresponsibility. Cullen forfeited his lease and the Thoringtons retook possession of the property and buildings. The plaintiff, not having been paid for the labor and materials furnished by it, took all the necessary steps to perfect its mechanic's lien and brought this action to foreclose the same.

The appellant, Pacific Steel Building Company, filed an answer and cross-complaint, setting forth the conditional sales contract, and contending that the buildings erected by it were, as to all concerned, personal property and not subject to the mechanic's lien. By its cross-complaint, appellant prayed for the return of its alleged personal property, or its value. The trial court held that as to plaintiff the buildings were fixtures and as such subject to the mechanic's lien. It decreed that the buildings and, if necessary, the real estate be sold to satisfy the lien.

The Pacific Steel Building Company alone appeals, contending that its buildings did not become fixtures subject to the mechanic's lien of plaintiff, but, by virtue of the conditional sales contract, and by virtue of the fact that the buildings are removable, they remained personal property.

■ The evidence showed that the buildings were erected as follows: First, a cement foundation and floor for the buildings were constructed. This work was done under a separate contract by a contractor not connected with this action. Before the cement was poured, plaintiff put in its piping and conduits necessary for the fixtures later to be installed. Appellant furnished large bolts to be imbedded in the cement at points designated by it. The appellant then erected its buildings on this cement floor. At the base of its buildings were angle-irons with holes bored therein at the appropriate places to fit over the bolts imbedded in the cement. Nuts were then screwed on the bolts, holding the base of the building in place. The balance of the building was then erected section by section on this base. After the buildings were erected, the plumbing and electric fixtures were installed.

Under these facts, it is our opinion that as to plaintiff the buildings were fixtures attached to the realty and, as such, subject to the mechanic's lien.

■ Generally, fixtures are those things which are so attached to the realty as to be considered in law a part thereof. They are defined by section 660 of the Civil Code as follows:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws; . . . "

Whether or not an article annexed to the real property is a fixture is a question of fact to be determined upon the evidence in the particular case. (*Gosliner* v. *Briones*, 187 Cal. 557 [204 Pac. 19]; *Bianchi* v. *Hughes*, 124 Cal. 24 [56 Pac. 610].) The question is determined not only by the manner in which the article is annexed to the realty, but also by the relationship between the parties to the controversy. (12 Cal. Jur. 569, sec. 8.) Thus, as between vendor and vendee, or mortgagor and mortgagee, the rule in reference to fixtures is construed most strongly in favor of the vendee or mortgagee. (*Fratt* v. *Whittier*, 58 Cal. 126 [41 Am. Rep. 251]; *Commercial Bank* v. *Pritchard*, 126 Cal. 600 [59 Pac. 130].) ■ This strict rule has long

been modified as between landlord and tenant, in reference to articles annexed for purposes of trade. The rule as to such trade fixtures is embodied in section 1019 of the Civil Code, which provides:

"A tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for purposes of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

However, whatever may be the right of a tenant by mere force of relation and the law to remove a fixture, this right, as between landlord and tenant, may be regulated by the contract between the parties. (*Merritt* v. *Judd*, 14 Cal. 59; *Board of Education* v. *Grant*, 118 Cal. 39 [50 Pac. 5]; 12 Cal. Jur. 580, sec. 17.) These principles are well settled. Applying them to the present case, there can be no doubt that if the action were between a vendor and vendee, or between a mortgagor and mortgagee, the service and comfort stations erected by appellant would be held to be fixtures. The buildings were attached to a cement floor and foundation imbedded in the land by means of bolts imbedded in the cement. Under such circumstances, there can be no doubt that as between the parties above mentioned the buildings have become so affixed to the land as to become fixtures within the definition embodied in section 660 of the Civil Code, *supra*. (*Oakland Bank of Savings* v. *California Pressed Brick Co.*, 183 Cal. 295 [191 Pac. 524]; *Fratt* v. *Whittier, supra*.) There can be no doubt that as between landlord and tenant, in the absence of agreement, such buildings as are here involved would be deemed to be trade fixtures and removable by the tenant. (*Murr* v. *Cohn*, 87 Cal. App. 478 [262 Pac. 768].) As between Cullen, the tenant, and appellant, the buildings, by virtue of the contract between them, were personalty. The parties, as between themselves, may, by express agreement, fix upon chattels annexed to realty whatever character they may agree upon. This right is recognized by the code (Civ. Code, sec. 1013), but such agreement cannot affect third persons without notice thereof. Thus it has been held that where there is a contract between the landlord and

tenant permitting the tenant to remove a structure erected on the premises, such contract, although binding between the landlord and tenant, cannot affect the rights of a mechanic, who, without notice, constructs the fixture in question. As to him, the structure is realty, subject to his lien. (*West Coast Lumber Co.* v. *Apfield,* 86 Cal. 335 [24 Pac. 993].)

Keeping these general principles in mind, we turn now to an application of them to the facts of the present case. The first question to be determined is whether or not the conditional sales contract between Cullen and appellant in any way affects the rights of plaintiff, a mechanic's lien claimant. No case seems to have been decided in this jurisdiction. Although there is some conflict in the authorities from other jurisdictions, the better rule, supported by the weight of authority, is to the effect that one claiming a mechanic's lien on an article annexed to the realty is not affected by a chattel mortgage or conditional sales contract of which he has no notice. Thus in *Security Stove & Mfg. Co.* v. *Stevens,* 222 Mo. App. 1029 [9 S. W. (2d) 808], the action was to enforce a mechanic's lien on sixteen gas stoves. These ranges had been sold by the mechanic to a contractor and installed in the building as part of the remodeling. The contractor sold the stoves to the owner of the premises and took back a chattel mortgage thereon as security. He then went into bankruptcy. The seller of the stoves by this action sought to enforce his mechanic's lien. The owner contended the stoves were personalty. The court held they were fixtures and, therefore, subject to the lien. At page 812, it is stated:

"It has been held that where an article is so attached to the freehold as to become a fixture and a part of the freehold, but may be removed without damaging the premises, the fact that a chattel mortgage is given by the owner of the premises on the fixture is binding between the parties as to the fixtures being personalty but it is not binding upon the rights of the person who furnished the fixture to have a mechanic's lien upon the premises in the absence of knowledge, actual or constructive, of the chattel mortgage. One cannot be deprived of his lien by any concealed purpose held by the owner of the premises."

In *Northwestern Lumber & Wrecking Co.* v. *Parker,* 125 Minn. 107 [145 N. W. 964], one Parker leased premises to a tenant Whitney, the lease providing that the lessee should make repairs at his own expense. Whitney purchased an engine, boiler and steam radiator, and employed the Roberts Company to install them. These had been purchased under an agreement between Whitney and the seller that they were to remain personalty, Whitney giving the seller a chattel mortgage as security. The court held that this agreement made the articles personal property between the parties, but that these agreements could not change the character of the annexations as far as the Roberts Company was concerned. As to the Roberts Company the articles were fixtures and subject to its lien. (See, also, *Fulp & Linville* v. *Kernersville Light & Power Co.,* 157 N. C. 157 [72 S. E. 867]; *King* v. *Blickfeldt,* 111 Wash. 508 [191 Pac. 748]; *Landreth Machinery Co.* v. *Roney,* 185 Mo. App. 474 [171 S. W. 681].)

█ The next question to be determined is what test is to be applied in determining whether an article has become annexed to the realty, in a controversy between a mechanic's lien claimant and the conditional vendor of the article. The uniform weight of authority in other jurisdictions is to the effect that in determining whether or not a disputed item, attached to real estate, is personalty or realty, the rules governing the subject between vendor-vendee, or mortgagor-mortgagee, are applicable and not those which govern the subject between landlord and tenant. (*Security Stove & Mfg. Co.* v. *Stevens, supra; Fehr Construction Co.* v. *Postl System of Health Building,* 288 Ill. 634 [124 N. E. 315]; note, Ann. Cas. 1912B, p. 21, and cases cited.) The reasoning in the above cases seems to embody a fair and just rule and one that is in accord with the general rules applicable to mechanics' liens. Appellant contends, however, that the above standard has not been adopted in this state, but that in *Jordan* v. *Myres,* 126 Cal. 565 [58 Pac. 1061, 1063], this court in effect held that the rules applicable to landlord and tenant govern a controversy between a mechanic's lien claimant and a conditional vendor. We do not so interpret the rule therein enunciated. In that case, the action was to foreclose a mechanic's lien. One Myres owned a certain mine property, which he agreed to sell to Berry.

In the contract of purchase it was expressly agreed that if Berry failed to complete his purchase *he could remove all machinery installed by him.* A machine company sold certain machinery to Berry under a conditional sales contract. This machinery was installed on the premises. A mechanic furnished labor and material in working at the mine. He sought to include within his mechanic's lien the mining machinery. The court held that the mechanic's rights were *limited by the rights of the owner of the premises,* and that since, as to the owner, the property was personalty, by virtue of the owner's contract with Berry, the mechanic had no lien thereon and that, as to the mechanic, the property was personalty "whatever may be the rule as to a *bona fide* purchaser or mortgagee of the land without notice". The court cited no authority for this *dictum* to the effect that a different rule might apply to a mechanic than applies to a vendee or mortgagee. Such a distinction seems out of line and inconsistent with the development of our Mechanics' Lien Law, and contrary to the weight of authority in other states. However, even if the holding in that case is still the law in California, it would not affect the decision in the present appeal. In that case, the court held that the mechanic had the same rights as the owner and that, since the owner had by contract agreed that the property should be personalty, it was personalty as to the mechanic. In the present case, the lease expressly provided that these buildings, erected in place of the old buildings by the tenant, should, at the termination of the lease, become the property of the lessor and should remain on the premises. In fact, when Cullen defaulted, the Thoringtons took possession of the premises, including the buildings herein involved. As between the tenant and the owners of real property, these buildings were clearly realty as a result of this contract. It, therefore, follows that whether the test in *Jordan* v. *Myres, supra,* or the vendor-vendee test be applied, the buildings here involved, as to plaintiff, are fixtures and, therefore, subject to its mechanic's lien.

Appellants contend that during the trial plaintiff's counsel abandoned his lien on the buildings. Although such abandonment might be inferred from a sentence or two in the record, when such sentences are read in connection with

their context, it is apparent that no such abandonment took place.

█ One other point, although not mentioned by counsel, should be briefly referred to. The trial court made no finding as to whether or not plaintiff had knowledge of the conditional sales contract when it performed the work, although in its "Opinion and Order" the trial court stated "there is no proof that plaintiff had any notice or knowledge of the contract of Pacific Steel Building Company with Cullen". We have read the record and neither plaintiff nor defendant introduced any evidence on this point. However, the failure of plaintiff to offer such evidence is not fatal to its cause of action. It seems clear that the burden of showing such notice was on defendant, it being a matter of defense.

For the foregoing reasons, the judgment appealed from is affirmed.