[Sac. No. 4785. In Bank.—February 23, 1934.]

SAM GORDON, Respondent, v. LEWIS W. COHN et al., Appellants.

LEWIS W. COHN, Appellant, v. SAM GORDON, Respondent.

Frank M. Hultman for Appellant.

Mervin C. Lernhart for Respondent.

SEAWELL, J.—This appeal involves the ownership of property not exceeding in value the sum of $150.

Sam Gordon was the owner of a lot in the city of Napa upon which a one-story trade building was erected. Jack Fortney was a month-to-month tenant. During his occupancy for a period of something like a year, he covered the front area of the store with linoleum, amounting to fifty-two square yards, which was cemented to the pine floor and he furnished the material for the awning which was attached to an iron frame set in the front of the building. Said iron frame was furnished by the owner of the building. It was fastened to the walls of the building by means of bolts and screws, and it was made to fit the particular space which it occupied. Fortney became insolvent in 1930 and assigned all his property to the secretary of the San Francisco Board of Trade for the benefit of his creditors. On Auguest 5, 1930, said Board of Trade sold all of his said property, including the linoleum and awning to Lewis W. Cohn. Fortney's lease expired on August 6th. Cohn entered into possession on that day under a two weeks' lease which expired on August 20th. The day before the lease expired Gordon filed an injunction suit temporarily restraining Cohn from removing said awning and linoleum from the building, which Cohn claimed the right to do on the ground that they were affixed to the premises for the purposes of trade and domestic use only, and could be removed without injury to the building. Cohn, in addition to his answer, filed a cross-complaint, alleging conversion. Said cross-complaint was thereafter stricken out. No complaint is made of the court's order striking out said cross-complaint. On September 19th, Cohn filed a separate suit for conversion of said property, based on the same facts which would determine the question as to whether said property was movable, the solution of which was also determinative of the ownership of said property. The basic facts of the first case being conclusive as to the rights of the parties in the second action, it was stipulated that the two cases might be tried as one case and only one judgment need be entered. Judgment went for Gordon in both cases.

The question as to whether the linoleum and awning are movable fixtures is the only question in the case. Appellant Cohn (Haskins and Beier being merely agents of Cohn) bases his claim largely upon a letter written by Gordon's attorney to Cohn, dated August 7th, in which said attorney

notified Cohn that he was informed that he (Cohn) intended removing said fixtures from said premises upon the expiration of his two weeks' lease. In said letter Cohn's attention was called to the fact that the linoleum and awning were affixed to the real property, and while Gordon had no objection to their removal he insisted that "such removal be made without marring, or damaging his property in any way". The letter concluded with the following words: "The floor, walls and ceiling must be left in the same condition as before the fixtures were installed. In the event these premises are marred, or in any way damaged by removal of these fixtures, you will be held strictly accountable in damages." Cohn at no time gave the bond which plaintiff insisted he should give for the repair of any damage which would result from removing said awning and linoleum. It is apparent that Gordon was always of the belief that said linoleum and awning could not be removed without injury to the freehold. In fact it was practically admitted by Cohn's expert witness that in some places the cement would probably have to be chipped from the floor by a sharp instrument. The question presented is solely one of fact. If the trial court believed the defendant and his witnesses it would doubtless have decided the issue in defendant's favor. But, evidently being more impressed by plaintiff Gordon and his witnesses and with other matters which cannot be reproduced for our scrutiny, it decided for plaintiff. Where a square conflict of evidence exists, as in this case, we are not permitted to substitute our judgment for that of the trial court. There is ample evidence to sustain the finding that, in order to remove the cement and the stains which the laying of the cement upon the floor had caused, it would be necessary to remove the upper surface of the floor to the depth of a sixteenth or thirty-second fraction of an inch. While the removal of the surface of the floor was not great, it was nevertheless a reduction of the floor thickness and the owner was not required to sacrifice any part of his building in an effort to restore it to its former use and attractiveness. As to the awning, defendant Cohn did not confine his claim to the fabric portion of the awning but claimed the entire awning, the framework of which was furnished by the owner and fashioned to fit the place it occupied   There was evidence to the effect that the

bolts and screws if removed would make it difficult, if not impossible, to refasten another frame to the woodwork from which said screws and bolts were taken.

The judgment of the court perpetually enjoining the defendant Cohn or his agents from removing said property from the premises of plaintiff Gordon and further decreeing that defendant Cohn take nothing against said Gordon is affirmed.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Thompson, J., concurred.