CASCADE CAR WASH, INC., Appellant,

v.

LAURENT WATCH CO., Inc., Appellee.

No. 24259.

United States Court of Appeals, Ninth Circuit.

Jan. 15, 1971.

———◆———

Slate & Leoni, Los Angeles, Cal., for appellant.

Lee J. Cohen, of Bernfeld, Cohen & Freeman, Los Angeles, Cal., for appellee.

Before DUNIWAY, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

Cascade Car Wash, Inc. appeals from a decision of the United States District Court affirming three orders of a Referee in Bankruptcy entered in favor of Laurent Watch Co., Inc., the petitioner in a proceeding under Chapter XI of the Bankruptcy Act (11 U.S.C. §§ 701–799). We affirm.

Cascade's principal challenge is to an order of August 7, 1968 in which the Referee found that Laurent, as the assignee of a written sublease which had been neither terminated nor forfeited, had a continuing and valuable leasehold interest in certain premises and that Cascade should be restrained from attempting to oust Laurent from possession. Cascade contends that the lease was forfeited when Laurent failed to cure its default in payment of the May, 1968 rental installment within the statutory three-day-notice period. Cal.Civ. Code, § 791.

We have reviewed the record and conclude that the Referee's finding that the lease was not forfeited is not clearly erroneous. Rule 52(a), F.R. Civ.P. The lease documents in question clearly show successive assignments of a written sublease and not as Cascade argues, a series of successive subleases. The written sublease expressly provides for fifteen days notice in the event of a default, which was not given. In addition, there is ample evidence in the record to support the Referee's finding that Laurent made a timely tender of the May rental installment which was improperly rejected by Cascade.

Cascade also attacks an order of August 21, 1968 in which the Referee found that certain buildings and structures affixed to the land were a part of Laurent's leasehold interest. Whether or not an object annexed to real property is a fixture is a question of fact. R.

Barcroft & Sons Co. v. Cullen, 1933, 217 Cal. 708, 711, 20 P.2d 665. The record supports the Referee's determination.

Cascade's final contention that the Referee had no jurisdiction to modify his order of August 7, 1968, is without merit.

Affirmed.