James G. FRAZIER, Jr., executor, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 02–74433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 20, 2003.

John J. McGregor, Esq., McGregor, Dahl, Sullivan & Klug, Fresno, CA, for Petitioner–Appellant.

Charles S. Casazza, Clerk, U.S. Tax Court, John B. Williams, Jr., Tax Litigation Division, IRS, Washington, DC, Jeffrey L. Heinkel, Internal Revenue Service, San Jose, CA, Jonathan S. Cohen, Esq., Annette M. Wietecha, Esq., Eileen J. O'Connor, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Frazier, representative of decedent's estate, appeals the decision of the Tax Court finding that several structures built on decedent's land were not removable trade fixtures within the meaning of Cal. Civ.Code § 1019 and were thus taxable improvements to the decedent's estate. Because we find that the improvements are removable trade fixtures, we reverse.

The relevant facts in this case were stipulated, and the only question before the Tax Court was whether under those facts, the improvements were removable trade fixtures under § 1019. We thus review this question of law de novo. *See, e.g., Diamond v. City of Taft,* 215 F.3d 1052, 1055 (9th Cir.2000).

Under California law, an individual may remove fixtures from a leasehold if those fixtures were (1) for the purpose of trade, (2) removable without injury to the premises, and (3) considering the method of attachment, not an integral part of the real property. Cal. Civ.Code § 1019. The parties stipulated, and the trial court found, that the fixtures were for the purpose of trade and that the premises would not be injured by their removal. The only criterion at issue was thus whether they were an integral part of the real property.

The only cases in which the California Supreme Court has held under this criterion that trade fixtures were not removable was when they had become an integral part of a building that was already present on the property. *See Alden v. Mayfield,* 163 Cal. 793, 796, 127 P. 44 (1912); *Gordon v. Cohn,* 220 Cal. 193, 195–96, 30 P.2d 19 (1934). On the other hand, where, as here, the entire building was the fixture, California courts have permitted the lessee to remove the buildings as trade fixtures, holding they had not become integral parts of the underlying land. *See R. Barcroft & Sons v. Cullen et al.,* 217 Cal. 708, 712, 20 P.2d 665 (1933). These cases present factual situations very similar to the improvements at issue in this case. *See id.* at 711, 20 P.2d 665; *see also Murr et al., v. Cohn,* 87 Cal.App. 478, 262 P. 768 (1927), *cited with approval by R. Barcroft & Sons,* 217 Cal. at 712, 20 P.2d 665. Since we are bound by California's interpretation of its own statutes, we conclude that the improvements at issue here are removable trade fixtures under § 1019.

We **REVERSE** the decision of the Tax Court and **REMAND** for further proceedings consistent with this memorandum.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.