[Civ. No. 4260. Fourth Dist. Aug. 20, 1951.]

WILLIAM E. CLIFFORD, et al., Respondents, v. HARRY EPSTEN et al., Appellants.

H. G. Sloane and H. M. Fisher for Appellants.

R. M. Switzler for Respondents.

MUSSELL, J.—Defendants appeal from an interlocutory judgment and final decree in an action for declaratory relief to determine the rights of the parties under the terms of an agreement to sell a trailer court situated in San Diego.

The real property, operated as a motor trailer court, was owned by the defendants and contained accommodations for approximately 40 tenant trailers, including one which was used temporarily by the defendants as an office and living quarters for the manager of the court. The principal controversy herein is whether the trailer used as an office was sold with and as a part of the real property involved.

Defendants listed the trailer court for sale with a real estate broker and on March 26, 1950, the property was advertised in a San Diego newspaper. The listing contained no reference to the trailer in question and the advertisement described the property to be sold as a trailer court—43 trailer spaces—very modern owners' bungalow and office—2 car garage—bathhouse — toilets — washroom — very best equipment — lot 200x300, completely fenced.

Plaintiffs, who were living in their own trailer on the premises, read the advertisement, contacted the broker, and on April 3d executed and submitted a written offer to purchase "the following described real property: Juan Street Trailer Court. 3036 Juan Street. Ground size approximately 200x 300 feet. Room for 41 trailers, plus house and garage, purchase price $37,500." This offer was accepted by the defendants and on April 4, 1950, an escrow agreement was signed by the parties and $5,000 deposited with Balboa Escrow Company. The property to be sold was described in the escrow instructions as "lots 1 and 2 and the Northerly 50 feet of lots 3 and 4 of block 379 of Old San Diego."

A few days before the escrow closing date, defendants

removed the trailer in question from the premises. On May 3, 1950, the plaintiffs served notice of rescission on the defendants, the escrow holder and the broker, demanded a return of their deposit, and on May 8, 1950, filed an action for rescission and declaratory relief by which they sought a determination of their rights of rescission, if any, under the purchase contract and the escrow agreement.

It was alleged in the complaint, among other things, that "as an inducement to the plaintiffs to enter into said purchase contracts and as a part of the consideration therefor and without which plaintiffs would not have entered into said contracts, said Epstens orally represented to the plaintiffs that said trailer court was a going concern with a very modern owner's bungalow and an office and with the very best equipment; that the office on said property was in the form of a trailer . . . and was a part of the equipment of said auto court's going business." It was also alleged that shortly before May 5th, the plaintiffs were informed by the defendants that the "office trailer" did not go with the property, whereupon the plaintiffs immediately rescinded said contract to purchase and demanded a return of their money. The prayer of the complaint was that the written contract be canceled and surrendered and that the plaintiffs recover the money deposited in escrow.

The Epstens, on May 18, filed an answer and cross-complaint asking for damages for breach of contract. On July 26th, at the conclusion of the trial on the rescission issue, the court announced its findings against the charge of fraud and mistake and denied rescission, suggesting to counsel for the plaintiffs that he amend his complaint to conform to proof by inserting therein a cause of action for the trailer or its value. Plaintiffs then filed an amendment alleging that the trailer in question was on and a part of the property sold by the defendant and that the defendants unlawfully and without the consent of the plaintiffs removed the trailer from the property. The prayer of the complaint was amended so as to include a request for judgment against the defendants for $1,600 damages.

On December 15, 1950, an interlocutory decree was entered awarding the plaintiffs judgment for return of the trailer, or in the alternative, the sum of $1,600; denying rescission or cancellation of the contract and return of any purchase money; denying recovery to the defendants on the cross-complaint;

and quieting title to the real property against them, and ordering delivery of possession. The action was then continued for the purpose of an accounting of the rents and interest and on February 6, 1951, a decree was entered awarding possession of the real property (not including the trailer) to respondents, declaring the note and deed of trust to be in full force and effect and fixing the credits to be applied thereon.

The trial court found, as to the issue of rescission " . . . that it is not true that any defendant represented to plaintiffs that the office on said property was in the form of a trailer and was a part of said property . . . ; that it is true that there was no misrepresentation nor mistake by which plaintiffs were induced to enter into such purchase contracts;" and "that it is not true that the facts warrant the rescission or cancellation of the contract, nor the return to the plaintiffs of any of the purchase money paid by them." These quoted findings are supported by ample evidence and are not attacked by the appellants. In this connection the evidence adduced by the plaintiffs was that the trailer was not mentioned in any of the conversations resulting in the execution of the written contract to purchase. The defendants introduced evidence to the effect that the trailer in question was discussed in the negotiations but that the plaintiffs were informed that it did not go with the property. The trailer was not specifically mentioned in the contract of purchase, in the escrow agreement, in the newspaper advertisement or in any writing executed by the parties The trial court found that the defendants removed the "office trailer" from the premises without the consent of the plaintiffs and converted it to their own use; that the trailer was used as an office at the time the contract was entered into and that the said office trailer was a part of the realty at all times subsequent to February, 1950, and gave judgment for its return or its value, found to be $1,600.

The finding that the trailer was a part of the real property is not supported by substantial evidence. The evidence shows that the trailer in question was a mobile unit similar to the 40 others situated on the premises; that it was not attached to the realty; that water and electricity connections, consisting of hose and tubing, were detachable in two minutes; that there was no permanent plumbing; that a sign reading "office" was attached to a post in the ground near the trailer; that the trailer was used temporarily as an office and home for the manager; that a permanent building regularly

used for an office up to September, 1949, had been moved away, leaving an adjacent permanent building adaptable for the same use; that the trailer in question was for sale at all times.

The defendant, Harry Epsten, testified that it was his intention to convert the bungalow on the property into an office; that the building was so constructed as to be available as a manager's office and living quarters. Under these circumstances, it is apparent that the trailer was not a part of the realty nor considered so by its owner.

██ ██ Whether an article is a fixture is ordinarily a question of fact to be determined upon the evidence in the particular case, and the question is determined not only by the manner in which the article is annexed to the realty but also by the relationship between the parties. (*Taylor* v. *Heydenreich*, 92 Cal.App.2d 684, 688 [207 P.2d 599].) As was said by this court in *Estus* v. *Weber*, 76 Cal.App.2d 724, 725, 726 [173 P.2d 870]: "It is well settled that the question whether a building has been affixed to and has become a part of real property is one of fact and is one dependent upon the peculiar circumstances of each case. (*Alderman* v. *Baggett*, 134 Cal.App. 501 [25 P.2d 532]. In that case it is said:

" 'Among the things that should be taken into consideration in deciding such a question are the following: The character of the building and the manner of its construction; the presence or absence of customary methods of attaching to or embedding in the soil; the use to which the building is adapted and to which it has been put; and any expressed intent with regard to its permanence.'

"The intent of the parties is usually the controlling factor, and various matters may and should be taken into consideration for the purpose of ascertaining that intent. (*Gosliner* v. *Briones*, 187 Cal. 557 [204 P. 19].)''

In the instant case it cannot be said that the trailer involved was affixed to the land or permanently resting upon it within the meaning of section 660 of the Civil Code and where, as here, the uncontradicted evidence is that the defendants had no intention to regard it as a part of the realty, the trial court's finding that it constituted part of the land is entirely unsupported by substantial evidence.

██ Appellants' contention that they are entitled to damages on the cross-complaint is without merit. In their answer

they deny that plaintiffs rescinded or had any right to rescind the contract to purchase, and deny that plaintiffs are entitled to the return of the money paid by them on the contract. The court found that plaintiffs had paid into court the monthly payments due on the contract for the months of June, July, August, September and October, 1950, and that they had not repudiated their agreement of purchase. Judgment was rendered against defendants on their claim for forfeiture of the contract. In view of the circumstances presented by the record and the judgment enforcing the terms of the contract to purchase the real property involved, defendants are not in a position to claim damages for breach of the contract.

The portion of the interlocutory decree which provides that plaintiffs have judgment against the defendants for the return of the office trailer, or in the alternative, for its value and interest, and the provisions of the decree allowing plaintiffs credit for the sum of $1,691.66 by reason of the failure of defendants to deliver the trailer to plaintiffs are reversed. The remaining provisions of the judgment are affirmed. Each party to pay his own costs.

. Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied September 5, 1951, and appellants' petition for a hearing by the Supreme Court was denied October 18, 1951. Traynor, J., voted for a hearing.