PEEK, J.
 

 These are appeals from a judgment in the amount of $5,000 rendered by the trial court sitting without a jury in a property damage action.
 

 On the morning of September 16, 1956, both defendant Calhoun and defendant Reuck were driving easterly on a portion of United States Highway 299-E at a point where the highway adjoins plaintiffs’ property. Reuck, who was driving his own automobile, was ahead of Calhoun who was operating a heavy logging truck owned by defendant Narbaitz. Simultaneously Calhoun started to pass the Reuck automobile, and Reuck started to make a left turn' at an intersection both were approaching. Neither party gave any signal or warning as they turned their respective vehicles into the lane for westbound traffic. Each driver immediately saw the change of lane made by the other and returned to the lane for eastbound traffic. Calhoun, in order to avoid hitting the rear of the Reuck automobile, applied the brakes of the truck, whereupon the truck, which had been proceeding at a speed of approximately 45 to 50 miles per hour, skidded, went off the highway, careened across a field for a distance of approximately 243 feet, and struck plaintiffs’ barn, thereby causing the damage for which plaintiffs sought recovery herein.
 

 Each of the defendants attacks the trial court’s finding that their joint and concurrent negligence was the proximate cause of the accident and the damage to plaintiffs’ barn. It is admitted that defendant Reuck did not give a signal indicating his intention to malee a left turn; that defendant Calhoun did not sound his horn to indicate his intention to pass ; that defendant Calhoun was driving a heavy truck at approximately 45 to 50 miles per hour on a wet and slippery highway; and that defendant Calhoun was unable to keep the truck
 
 *147
 
 under control. Based on those facts and the inferences which may be drawn therefrom, the trial court’s factual determination as to liability cannot be held to be without evidentiary support.
 

 Defendants next contend that the trial court applied an improper measure of damage and that there is no evidentiary support for the finding that the amount of damage to the barn and the cost of the repair thereof exceeded $5,000. Under the provisions of Civil Code, section 3333, plaintiffs were entitled to be compensated for all the detriment proximately caused by defendants’ negligence. We are not impressed with defendants’ argument in support of such contention that, in computing damages, the trial court erred in failing to consider depreciation. The rule is that the amount of damages to be allowed for injury to realty is the value of the property prior to the injury unless the cost of restoration is less than such value, in which case the cost of repair is the proper measure of damages.
 
 (Green
 
 v.
 
 General Petroleum, Corp.,
 
 205 Cal. 328, 336 [270 P. 952, 60 A.L.R 475].) The record discloses testimony by plaintiff Edwin Charles that in his opinion the value of the barn prior to the accident was $5,000, and that it had been “damaged beyond repair” and that he would tear it down. There was further testimony by a contractor that 37 per cent of the barn was damaged; that the total replacement cost would be $20,844, and that the repair cost would be $7,984. Defendants argue that upon cross-examination the witness reduced the latter figure by 50 per cent when he compared a photograph of the barn taken shortly after the accident with one taken approximately 16 months later and concluded therefrom “. . . that the cost of repair would be about half at the time of the accident as what it is today.” However, he added, “Now, to qualify that, I have nothing to show me inside how much the beams are disturbed, or the supports,” and “. . . if all the beams were dislocated in that area it would be more nearer my figure for complete replacement of that barn.” A building inspector who examined the barn within a week after the accident testified that “. . . the beams were all displaced and shifted ...” and that “. . . there was very little damage since the original impact. It just—the roof kind of settled down, but it naturally would with no support under it.” A further witness testified that one-third of the barn was practically demolished, badly shoved out of line, the roof was caved in and the interior was a total loss, and $4,000 to $5,000 would be a rough esti
 
 *148
 
 mate of the cost of repair. Without detailing further evidence, it is apparent that the trial court’s finding that the damages and cost of repair exceeded $5,000 must he sustained.
 

 The judgment is affirmed.
 

 Van Dyke, P. J., and Schottky, J., concurred.
 

 Petitions for a rehearing were denied April 12, 1960, and appellants’ petitions for a hearing by the Supreme Court were denied May 18, 1960. Dooling, J. pro tern.,
 
 *
 
 participated therein in place of Spence, J.
 

 *
 

 Assigned by Chairman of Judicial Council.