In re Gordon Nash ARLETT, Jr., and Teresa Linda Arlett, Debtors.

HOUSEHOLD FINANCE CORPORATION, a corporation, Plaintiff,

v.

Gordon Nash ARLETT, Jr., Teresa Linda Arlett, and Al Patrick, Trustee in Bankruptcy, Defendants.

Bankruptcy No. 282–00420–D–7.
Adv. No. 282–0479.

United States Bankruptcy Court,
E. D. California.

Sept. 1, 1982.

Melvyn J. Coben, P. C. by John Tosney, Sacramento, Cal., for debtors-defendants.

James K. Bullock, Sacramento, Cal., for plaintiff.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### STATEMENT OF THE FACTS

On October 21, 1980, GORDON and TERESA ARLETT (the Debtors), purchased a Mark III Servamatic Solar Water Heater from Servamatic Solar Systems, Inc. (the Assignor), pursuant to a written contract captioned "Security Agreement (Goods-In-Home Sales)", (the contract). The total purchase price, which included installation and a finance charge of $1,647.60, was $5,517.60. Two pertinent provisions of the contract provide:

"SECURITY. I (buyer) give you a security interest in goods described above . . . ."

and

"LIENS. You (seller) (and buyer of this contract) hereby waive any and all security interest(s) in my residence (including but not limited to any mechanic's or materialman's liens under Section 3110 et seq., of Civil Code) as a result of the installation of the goods described above. Any installer has also waived all such liens."

The contract contained no specific language dealing with the question of fixtures nor did the contract specifically state whether the character of the solar water heater was to remain personal property or to become real property.

On a later date, the Assignor assigned the contract to Household Finance Corporation (the Plaintiff). On February 5, 1982, the Debtors filed a joint voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On April 7, 1982, the Plaintiff filed a Complaint for Modification of the Automatic Stay and for a Turnover Order. The Plaintiff's principal allegation is that it has a valid and enforceable security interest in the solar water heater pursuant to the contract and that it should be allowed to repossess and sell the solar water heater pursuant thereto.

On July 13, 1982, this matter came on for hearing and on that date the parties stipulated that a statement of facts together with certain photographs be admitted into evidence. The statement of facts provides as follows:

"The solar water heater is three (3) twenty (20) gallon cylinders mounted on two (2) ten foot, two inch by four inch runners. These runners are spaced approximately six feet apart. They are attached to the roof by twenty-one ¼" diameter lag bolts. Eight of the lag bolts are 4" long, mounted in the rafters. Thirteen (13) of the lag bolts are 2¼" long, screwed through the shingles into the roof's plywood sheeting. The inlet and outlet water pipes from the solar heater go through two 1" holes in the roof. The pipes are covered as they go through the roof by two sheet metal cones having a base plate 16" x 20" nailed to the roof. The cold water inlet pipe to the residential water heater had been rerouted to the solar water heater. The outlet line from the solar water heater is connected directly to the residential water heater."

Requested briefs were filed and the court took the matter under submission.

## ISSUES PRESENTED

1. Has the solar water heater become so affixed to the real property as to become a true fixture?

2. If the solar water heater has become a true fixture, does the Plaintiff, nevertheless, have the right to repossess it?

## ANALYSIS

On October 21, 1980, the Debtors and the Assignor entered into a binding written contract for the sale of a Mark III Servamatic Solar Water Heater, completely installed (the contract). The parties do not contest the validity of this agreement. The contract contains the following provision: "SECURITY. I give you a Security Interest under the California Uniform Commercial Code (UCC) in goods described above."

■ Pursuant to this provision, the Debtors gave to the Assignor a security interest in the solar water heater. The fact that a financing statement was never filed by the Assignor pursuant to UCC Section 9402 does not defeat the right of the Assignor to a security interest in the solar water heater as between the parties to the contract. The filing of a financing statement is a requirement for the perfection of a security interest as against third parties, including the Trustee. Upon the assignment of the contract from the Assignor to the Plaintiff, all of the Assignor's rights under the contract passed to the Plaintiff.

After the consummation of the contract, an agent of the Assignor installed the solar water heater in the residence of the Debtors. The statement of facts stipulated to by the parties and admitted into evidence by the court together with the photographs of the solar water heater, which were also admitted into evidence, present an accurate depiction of how the solar water heater is attached to the residence of the Debtors.

A primary issue before the court is whether or not the installation of the solar water heater into the residence of the Debtors has transformed that item into a fixture on the residence.

■ Whether an article is a fixture is ordinarily a question of fact to be determined on the evidence in the particular case. *Clifford v. Epsten*, 106 Cal.App.2d 221, 234 P.2d 687. In California, four tests have been applied to determine whether or not an article is a fixture. The first test is the manner of the article's annexation to the realty. *Fratt v. Whittier*, 58 Cal. 126; *M. P. Moller, Inc. v. Wilson*, 8 Cal.2d 31, 63 P.2d 818; *Southern California Tel. Co. v. State Board of Equalization*, 12 Cal.2d 127, 82 P.2d 422; *Grupp v. Margolis*, 153 Cal. App.2d 500, 314 P.2d 820; *Standard Oil Co. v. State Board of Equalization*, 232 Cal. App.2d 91, 42 Cal.Rptr. 543; *Cornell v. Sennes*, 18 Cal.App.3d 126, 95 Cal.Rptr. 728. The second test is the article's adaptability to the use and the purpose for which the realty is used. *County of Placer v. Lake T. R. & T. Co.*, 58 Cal.App. 764, 209 P. 900. The third test is the intention of the party making the annexation. *Hendy v. Dickerhoff*, 57 Cal. 3; *Western Union Tel. Co. v. Modesto Irrig. Co.*, 149 Cal. 662, 87 P. 190; *Palos Verdes Properties v. County Sanitation District Number 5*, 177 Cal.App.2d 679, 2 Cal.Rptr. 537. The fourth test is the relation of the parties to the annexed property. *Kruse Metals Mfg. Co. v. Utility Trailer Mfg. Co.*, 206 Cal.App.2d 176, 23 Cal.Rptr. 514; *Cornell v. Sennes*, 18 Cal. App.3d 126, 95 Cal.Rptr. 728.

■ The court first applies the test of the manner of the article's annexation to the reality to the facts of the instant case to assist it in making its determination of whether or not the solar water heater has become a fixture on the Debtors' residence. The stipulated statement of facts has been set forth above in full. That statement shows that the solar water heater has been bolted to the roof of the Debtors' residence and that holes have been drilled into the roof for the piping. The plumbing was also rerouted to attach the solar water heater to the standard water heater already in the residence. These facts show that the solar water heater was annexed to the residence in a permanent manner.

Furthermore, California Civil Code Section 660 states:

"Fixtures Defined. A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs; or imbedded in it, as in the case of buildings; or permanently resting upon it in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws; ..."

Pursuant to California Civil Code Section 660, the solar water heater is deemed to be a fixture because it is attached to the roof of the residence by means of bolts as well as plumbing. The court concludes that the facts of this case meet the criteria of the first test and that the solar water heater is therefore a fixture.

The next test is the article's adaptability to the use and purpose for which the realty is used. In this case, the realty is a residence and that is both its purpose and its use. The solar water heater is perfectly adaptable to the residence and, in fact, it was designed and fabricated for the specific use to which it is being put. It is apparent to the court that the criteria of the second test have been met and that the solar water heater has therefore become a fixture.

The next test is the intention of the party making the annexation. In this case, both parties intended that the solar water heater become attached to the roof in such a manner that it would perform its function throughout its useful life. If the parties had intended the solar water heater to perform a temporary task, measures would have been taken to assure its easy removal from the residence. Instead, the solar water heater was bolted to the roof of the residence, connected to and made a part of the plumbing system, and holes were drilled in the structure of the residence. All of this work of installation was done by agents of the Assignor, thus clearly evidencing the intent of the Assignor, which is binding on Plaintiff, its Assignee. These factors evidence the intent of the parties to attach the solar water heater permanently and thus the criteria of the third test have been met.

The fourth test is not relevant to the facts of the instant case.

Based on the court's analysis of the three tests as they relate to the facts of the instant case, the court holds that the solar water heater has become a fixture on the Debtors' residence.

■ The last issue is whether or not the Plaintiff has an enforceable security interest in the solar water heater, which is a fixture on the Debtors' residence. On the date that the contract was consummated, the Assignor had an enforceable security interest in the solar water heater pursuant to the "SECURITY" provision of the contract. However, after that time the solar water heater became a fixture on the residence of the Debtors. This event transformed the character of the solar water heater from personal property to real property. The transformation of the character of the solar water heater has abrogated the Plaintiff's security interest in the solar water heater. To have an enforceable security interest in real property, a creditor must comply with the applicable provisions of real property law in the state in which the real property is located. In California, the creditor must record a deed of trust or mortgage in the County Recorder's office in the county where the real property is located. Since the Plaintiff has not complied with these laws, it does not have an enforceable security interest in the Debtors' real property.

■ Also, the paragraph entitled, "LIENS," specifically states that, "You (Seller) (and Buyer of this Contract) hereby waive any and all security interests in my residence...." This language constitutes a valid and enforceable provision of the contract. Since the solar water heater is a fixture on the Debtors' residence and therefore deemed to be part and parcel of that residence, the Plaintiff has waived its security interest in the residence of the Debtors pursuant to the "LIENS" provision of the contract.

For the above-stated reasons, the Court holds that the Plaintiff does not have an enforceable security interest in the solar water heater. The Plaintiff's request for relief from the automatic stay and for a turnover order is therefore denied.

The contract provides: "Court costs and reasonable attorney fees shall be awarded to the prevailing party * * * in any legal action on this contract." Therefore, Defendants-Debtors will be allowed attorney's fees and costs in an amount to be hereinafter determined as follows: Counsel for Defendants-Debtors shall submit a declaration under penalty of perjury itemizing legal services rendered and costs expended in connection with the defense of this matter and shall furnish a copy thereof to counsel for Plaintiff. Written objections, if any, to such attorney fees and costs so requested shall be filed with the Court no later than seven (7) days after service of the declaration on Plaintiff's counsel. The Court may or may not thereafter set a further hearing on the declaration if objections are filed and shall with or without such a hearing fix and determine the amount of such attorney fees and costs to be allowed.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for Defendants-Debtors shall prepare and submit a Judgment consistent herewith.